**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KEVIN PARK, on behalf of himself and all others similarly situated, | No. 15-56079 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-01380-LAB-JMA |
| v. | MEMORANDUM[*] |
| WEBLOYALTY.COM, INC., et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted February 17, 2017
Pasadena, California

Before: M. SMITH and OWENS, Circuit Judges, and KORMAN,[**] District Judge.

After Kevin Park bought a gift certificate for his minor son Matthew from

Gamestop.com, he saw a coupon for $10.00 on the Gamestop.com purchase

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

confirmation page. He clicked on the link for the coupon, and then, thinking that he was entering his email address to claim the aforementioned coupon, clicked a confirmation button. Two years later, he discovered $264 in what he believed to be unauthorized charges from Webloyalty, Inc., a company that was unfamiliar to him.

Park filed a class action lawsuit against Webloyalty, including claims for violations of the Electronic Funds Transfer Act ("EFTA"), the Electronic Communications Privacy Act ("ECPA"), and various California and Connecticut laws. The complaint alleges that Webloyalty duped Park into agreeing to a fee-based membership program called Complete Savings without realizing it, by (1) using what appeared to be a coupon on Gamestop.com to entice him to visit the Webloyalty enrollment page with the expectation of receiving the promised coupon, and (2) using the "data pass" method of acquiring his billing information directly from Gamestop.com, rather than by asking Park to provide it, depriving him of notice of entering a new financial relationship with an unfamiliar company. The district judge granted Webloyalty's motion to dismiss, based in part on exhibits proffered by Webloyalty, of which judicial notice was improper, and in part on his finding that Park's allegations were "conclusory." Park now appeals.

## I. Park's EFTA Allegations Were Plausible

Park alleges violations of two sections of EFTA. The first is that Webloyalty initiated an "unauthorized electronic fund transfer"—that is, "an electronic fund

transfer from a consumer's account initiated by a person other than the consumer *without actual authority* to initiate such transfer and *from which the consumer receives no benefit . . . .*" 15 U.S.C. § 1693a(12) (emphasis supplied). The allegations in the Second Amended Complaint ("SAC") regarding Park's reliance on the $10.00 coupon, and the deceptive nature of the "data pass" method of acquiring his billing information, were sufficiently detailed to make out an EFTA claim based on an "unauthorized electronic fund transfer." Webloyalty's reliance on the Second Circuit's dismissal of a somewhat similar EFTA claim in *L.S. v. Webloyalty.com, Inc.* is misplaced, because in that case, the plaintiff "[did] not allege that he *relied* on the coupon offer in enrolling for the program." *L.S. v. Webloyalty.com, Inc.*, No. 15-3751, 2016 WL 7402617, at *2 (2d Cir. Dec. 20, 2016) (unpublished) (emphasis supplied).

Under California agency law, applicable here, "actual authority" could only have been created either "intentionally," or by negligently allowing Webloyalty to believe that it possessed such authority. CAL. CIV. CODE § 2316. Park pled that he did not realize he was dealing with a company other than Gamestop, and that he "had no idea that he . . . authorized Webloyalty to charge his debit card for monthly membership fees." Park also pled that Webloyalty used the "data pass" method to obtain his billing information in order to avoid "alert[ing] him that he was entering a separate financial transaction with a third party." Drawing all inferences in Park's

3

favor, the SAC adequately alleged that Webloyalty sought to avoid alerting Park of the need to inquire into whether he was entering an agency relationship with a third-party. Indeed, according to a United States Senate Report incorporated by reference into the complaint, a Webloyalty employee admitted that "at least 90% of our members don't know anything about the membership." Ex. 1 to the SAC at 6, *Park v. Webloyalty.com, Inc.*, No. 12-cv-1380 (S.D. Cal. Sept. 29, 2014), ECF No. 24-1.

Moreover, with respect to the "receipt of benefits" element of the § 1693a(12) cause of action, Park pled that he was unaware that he had enrolled in Complete Savings, making it impossible for him to get any benefit from the coupons associated with the program. The finding of the Senate Report, that "[m]ost consumers enrolled in the clubs cancel their memberships when they discover the monthly charge and *never receive any benefit* from their club membership," lent additional plausibility to this allegation. *Id.* (emphasis supplied).

The second subsection of EFTA at issue here requires that a consumer must be provided with a copy of the electronic fund transfer authorization. *See* 15 U.S.C. § 1693e(a). Park's allegations regarding his lack of knowledge of the purported authorization, and Webloyalty's failure to provide a copy of such authorization, were sufficient on their face. Although the district judge's reliance on Webloyalty's exhibits tainted his analysis of the entire complaint, here it was the only ground upon which he relied to overcome the sufficiency of these allegations. *See Park v.*

4

*Webloyalty.com, Inc.*, No. 12-cv-1380, 2014 WL 4829465, at *8. As the Second Circuit observed in *L.S.*, whether or not these documents were accurate and authentic "was a determination properly made on summary judgment, not in response to a motion to dismiss." 2016 WL 7402617, at *5.

## II. Park's ECPA Claim and California Privacy Claims Must Be Dismissed

The Electronic Communication Privacy Act ("ECPA") imposes liability on anyone who "intentionally intercepts . . . or procures any other person to intercept" any electronic communication. 18 U.S.C. § 2511(1)(a). Park admitted that Webloyalty was the intended recipient of the billing information he claims was intercepted. The fact that Gamestop sent the information to Webloyalty, even if Park did not want it to, means that Webloyalty did not "intercept" it. The district court also properly dismissed Park's privacy-based claims, because Park failed to allege "conduct by *defendant* constituting a serious invasion of privacy." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 40 (1994) (emphasis supplied).

## III. Other State Law Claims

With the exception of the privacy-based state law claims just discussed, the district court's dismissal of Park's other state law claims depended on its erroneous holding that Park had not pled facts to show the EFT was unauthorized. Moreover, Park's allegations supported claims against Webloyalty, under California's and Connecticut's similar unfair trade practices statutes, independent of whether there

5

was an unauthorized transfer. *Cf. L.S.*, 2016 WL 7402617, at \*2–3. These allegations aside, the California and Connecticut unfair trade practices statutes at issue "borrow[] violations of other laws and treat[] them as unlawful practices that . . . [they] make[] independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 539–40 (Cal. 1999); *see also Ventres v. Goodspeed Airport, LLC*, 881 A.2d 937, 969 (Conn. 2005). One of those "other laws" is 15 U.S.C. § 8402—also known as the Restore Online Shoppers' Confidence Act ("ROSCA"). While the parties have briefed the retroactive effect of ROSCA, there is no need for us to resolve that issue at this time, because Park's unfair trade practices claims survive dismissal on other grounds.

## IV. *Conclusion*

We **REVERSE** the dismissal of Park's various federal and state causes of action, with the exception of his ECPA claim and privacy-based state law claims, which we **AFFIRM.** Park's SAC was also dismissed because his EFTA claims were time-barred. The district court held that the proposed Third Amended Complaint had cured this problem. Nevertheless, it denied the motion to amend because it dismissed the complaint on other grounds. We therefore **VACATE** the district court's order denying leave to amend.

6